IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LADARRELLE DIXON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN LAW ENFORCEMENT OFFICER; LAW ENFORCEMENT OFFICER #408; GLYNN COUNTY SHERIFF'S DEPARTMENT; and GLYNN COUNTY DETENTION CENTER OFFICIALS,<br><br>    Defendants. | CIVIL ACTION NO.: 2:21-cv-6 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motions to Amend, docs. 6, 15; Motion for Discovery, doc. 7; and "Motion to Change Plaintiff Detention due to Civil Action," doc. 4. For the reasons discussed below, the Court **DENIES as moot** Plaintiff's Motions to Amend and **DENIES** Plaintiff's Motion for Discovery. I **RECOMMEND** the Court **DENY** Plaintiff's Motion to Change Plaintiff Detention due to Civil Action.

**I.    Motions to Amend**

In Plaintiff's Motions to Amend, he requests permission to submit an Amended Complaint and add additional claims and Defendants. At this time, the Court has not conducted frivolity review or ordered service, and no responsive pleading is due. Therefore, Plaintiff may amend his Complaint as a matter of right. Fed. R. Civ. P. 15(a); Toenniges v. Ga. Dep't of Corr., 502 F. App'x 888, 889 (11th Cir. 2012) ("A plaintiff has a right to amend a complaint once as a matter of course so long as no responsive pleading has been filed."). Consequently, the Court

**DENIES as moot** Plaintiff's Motion for Leave to File an Amended Complaint.  Plaintiff may submit an Amended Complaint if he elects to do so, prior to any responsive pleading being filed.  However, the Court notes any Amended Complaint submitted by Plaintiff will **replace and supersede the original Complaint.**

II.     **Motion for Discovery**

In his Motion for Discovery, Plaintiff asks the Court to review various pieces of evidence he claims are important to the case.  Doc. 7.  However, the Court has not yet conducted a frivolity screening under 28 U.S.C. § 1915A or ordered service of Plaintiff's Complaint.  Thus, any discovery or review of evidence in the case would be premature.  Nevertheless, Plaintiff has not produced these pieces of evidence and apparently asserts the Court should obtain the evidence on its own accord.  Once the Court conducts its frivolity screening, any discovery requests should be directed to Defendants rather than the Court itself at the appropriate time.  Therefore, the Court **DENIES** Plaintiff's Motion.

III.    **Motion to Change Plaintiff Detention due to Civil Action**

In his Motion to Change Plaintiff Detention, Defendant asks for the Court's permission to change his detention facility due to his pending claims.  Doc. 4.  Plaintiff asserts his life is danger at his current facility.  Id.  The Court construes Plaintiff's Motion as seeking a preliminary injunction.  A movant bears the burden of demonstrating four necessary elements for temporary restraining or preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would cause the other litigant; and (4) the relief would not be averse to the public interest.  Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005).  Plaintiff has not

shown a substantial likelihood of success on the merits at this point in the litigation. While Plaintiff asserts he is in danger in his Motion, Plaintiff fails to explain why he will succeed on the merits of his case. Thus, I **RECOMMEND** the Court **DENY** Plaintiff's Motion to Change Plaintiff Detention, construed as a Motion for Preliminary Injunction.

## CONCLUSION

For the reasons discussed above, the Court **DENIES as moot** Plaintiff's Motions to Amend and **DENIES** Plaintiff's Motion for Discovery. I **RECOMMEND** the Court **DENY** Plaintiff's Motion to Change Plaintiff Detention due to Civil Action.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or any other filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of June, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA