IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LADARRELLE DIXON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN LAW ENFORCEMENT OFFICER; LAW ENFORCEMENT OFFICER #408; GLYNN COUNTY SHERIFF'S DEPARTMENT; and GLYNN COUNTY DETENTION CENTER OFFICIALS,<br><br>        Defendants. | CIVIL ACTION NO.: 2:21-cv-6 |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. The Court **VACATES** its previous Orders permitting Plaintiff to proceed *in forma pauperis*, docs. 5, 25, and now **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, doc. 2.

### PLAINTIFF'S CLAIMS[1]

Plaintiff alleges police officers attacked him and committed sexual misconduct at the scene of his arrest. Doc. 1 at 5. Plaintiff also claims he witnessed sexual misconduct at the Glynn County Detention Center. Id. at 4. Plaintiff states these events occurred on October 28,

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2020 and November 1, 2020.  Id. at 4–5.  Further, Plaintiff states an officer committed perjury at a preliminary hearing held on December 17, 2020.  Id. at 4.

## DISCUSSION

**I.    Dismissal Under 28 U.S.C. § 1915(g)**

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection.  Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

1)   Dixon v. Eaves, 5:12-cv-129, 2013 WL 297904 (S.D. Ga. Jan. 24, 2013) (dismissed for failure to state a claim);

2)   Dixon v. State of Ga. Att'y Gen., 5:13-cv-12, 2013 WL 1701605 (S.D. Ga. Apr. 18, 2013) (dismissed for failure to state a claim); and

2

  3)  Dixon v. Holder, 2:15-cv-11157, 2015 WL 5216182 (E.D. Mich. Sept. 4, 2015) (dismissed as frivolous/malicious and for failure to state a claim).

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate he meets the "imminent danger of serious physical injury" exception to § 1915(g). "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff's allegations are insufficient to show he was in imminent danger when he brought this action, as required to surpass § 1915(g)'s three strikes provision. Plaintiff fails to allege anything in his Complaint indicating he is in imminent danger of serious physical injury. All of Plaintiff's allegations involve past assaults and a past preliminary hearing, and he does not allege any ongoing danger. See Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A] three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint."). As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*. Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint due to Plaintiff's failure to prepay the entire filing fee in this case.

**II.**  **Motion for Leave to Proceed *in Forma Pauperis***

The Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis* in this action and thereafter directed Plaintiff's custodian to set aside 20% of the preceding month's

deposits to Plaintiff's trust fund account and forward the funds to the Court until the filing fee was paid in full. Docs. 5, 25. However, the Court has since identified Plaintiff as a "three-striker." See Dixon v. Glynn Cnty. Sheriff's Dep't, Case No. 2:21-cv-45, ECF No. 9. Section 1915 of Title 28 of the United States Code of the Prison Litigation Reform Act of 1995 ("PLRA"), "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera, 144 F.3d at 723. Thus, the Court **VACATES** its previous Orders permitting Plaintiff to proceed *in forma pauperis* and now **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see

4

also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons explained above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  The Court **VACATES** its previous Orders permitting Plaintiff to proceed *in forma pauperis* and **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of August, 2021.

 

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA